Turley, J.
delivered the following opinion of the court.
The facts of this casé, as the same appear from the case agreed, and the petition which is made a part thereof, are, that John D McCutchen,, James P. McCutchen, Andrew McCutchen, and Wm. C. McCutchen, were the owners of thirty-five acres of land, in the county of Giles, south and west of the Congressional line, in fee simple, that there were two small portions of vacant land, of 15 acres each, adjoining the same, but on different sides thereof; that they on the 31st day of July, 1843, filed in the entry-taker's office of Giles county, entries accompanied with the proper affidavits, and twelve and one-half cents per acre, the legal price for the entries, but which were refused by the entry-taker, because one John G. Morris had previously, to wit, on the 3d day of July, 1843, entered the same lands, as general enterer, under the provisions of the act of 1842, ch. 34. And the question now is, whether these entries are good and available in law against those proposed to-be made by the McCutchens, as an extension of their thirty-five acre tract, and involves the question, as to what extent *328 occupants and owners, of a less quantity ofland than two hundred acres, are protected against general enterers, and entitled to preference over them. By the provisions of the 5th section of the act of 1842, ch. 34, “All persons entitled to any of the vacant and unappropriated lands, south and west of the Congressional reservation line, as occupant or pre-emption rights, by this or any of the former acts of the legislature of this State shall have the preference and priority of entry for the whole space of four years from, the opening of said land office, and may at any time, within the term of four years, enter their claims, or any part thereof, by paying to the entry-taker twelve and one-half cents per acre, which shall be received in such currency, as is by law received in payment of taxes.”
By the provisions of the second section, the land offices for the reception of entries under the act, are directed to be opened on the 1st day of July ensuing its passage, viz, 1st July, 1843. The entries of the petitioners were therefore tendered within due time, ií'they are protected by the provisions of the statute against general entries. We have seen that the statute protects all occupant or pre-emption rights, whether guarantied by that or any other statute, against the general enterer for four years.
By the provisions of the 2d section of the act of 1840, ch. 62, “All persons who were then, or might thereafter become the owner by deed, grant, entry, or occupant reservation, of a less quantity than two hundred acres of 1 and, are authorized to enlarge the same to two hundred acres.”
That this right of extension, is a right of pre-emption, cannot be denied, for (to test the word pre-emption by its derivation) it means a right of previous purchase — being derived from the lathi word pre-mpíio, a previous purchase. This pre-emption right of the petitioners is clearly protected by the words of the statute of 1842, for the space of four years from the date of its passage; and they having tendered their entries for the land in dispute, with the formalities required, the same should have been received by the entry-taker, notwithstanding the previous entry by a general enterer, his entry being void, under the provisions of the statute, as having been made at too early a period.
*329 We, therefore, affirm the judgment of the Circuit Court, making the mandamus upon the entry-taker, at the prayer of the petitioners, peremptory.